UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>              Plaintiff,<br>     v.<br>$20,000 UNITED STATES CURRENCY &<br>$8,900 UNITED STATES CURRENCY<br>              Defendants. | Case No. 06-cv-673-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Government's motion to strike Glynn Green's answer to the complaint for failure to file a verified claim (Doc. 10).  The Government originally filed this complaint for forfeiture against $20,000 and $8,900 of United States Currency (Doc. 2). Green received notice of the forfeiture action and filed an answer to the complaint, but did not file a verified statement (Doc. 9).  Green has failed to respond to the Government's motion to strike.

**ANALYSIS**

The procedure for civil forfeiture is governed by 18 U.S.C. § 983 and the Supplemental Rules for Certain Admiralty and Maritime Claims, (hereinafter Supplemental Rules).  18 U.S.C. § 983(a)(4)(A) reads as follows:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . . .

At the relevant time, Supplemental Rule C(6)(a) provided:

(i)   a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:

   (A)   within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or

    (B) within the time that the court allows.

(iii) a person who files a statement of interest in or right against the property must serve and file an answer within 20 days after filing the statement.

A claimant must file a verified statement and an answer to the complaint to have standing in a forfeiture proceeding. *See U.S. v. 1991 Dodge Stealth,* No. 96-4056, 1993 WL 433630, at *2 (N.D. Ill. Oct. 21, 1993). The verified statement "[i]s an essential element of any claim because of the substantial danger of false claims." *United States v. $103,387.27*, 863 F.2d 555, 559 (7th Cir. 1988); *United States v. $2,857.00*, 754 F.2d 208, 213 (7th Cir. 1985). "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." *United States v. Commodity Account No. 549 54930 at Saul Stone & Company*, 219 F.3d 595, 597 (7th Cir. 2000).

When "[a] claimant files only an answer without a verified statement, the district court may strike the answer." *United States v. $23,000*, 356 F.3d 157, 163 (1st Cir. 2004). However, the district judge has discretion to grant a claimant additional time to file a claim. Supplemental Rule C(6)(a); *U.S. v. One 1991 Mercedes-Benz 300E,* No. 99-0210, 1999 WL 1069242, at *3 (N.D. Ill. Oct. 28, 1999). When no countervailing factors exist and no prejudice is shown by the granting of an extension, a court should grant the extension. *United States v. $103,387.27*, 863 F.2d at 563.

In this case, Green was notified of the forfeiture action and the required procedure (Docs. 3, 8). Additionally, the forfeiture procedure under Supplemental Rule C(6) clearly and unambiguously requires a verified statement separate from the answer. Also, Green was represented by an attorney who should have notified him of the procedural requirements.

The Court does not know the reason for Green's failure to submit a verified statement.

However, the Government has not requested to prevent Green from filing a claim. It has only filed a motion to strike Green's answer with fifteen (15) days to file a verified statement and re-file another answer. A verified statement is important here, for the reasons previously detailed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's motion to strike Glynn Green's answer.[1]  Green has fifteen (15) days to file a verified claim and answer. If Green files a verified claim and answer within the required time, the Government will have fifteen (15) days thereafter to respond to the request.

**IT IS SO ORDERED**
**DATED: JUNE 26, 2007**

                                              **s/ J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**

---

[1] In the alternative, Local Rule 7.1 says that "Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." S.D. Ill. R. 7.1. Since Green failed to answer the Government's motion to strike his answer, the Court is inclined to believe Green agrees with the merits of the motion. However, the Court striking Green's answer will not discharge Green's right to a forfeiture action, because he has time to file his verified claim and his answer in compliance with the forfeiture procedure.